IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMBER MARIE BRUSE,<br><br>Defendant. | CR  20-123-BLG-DLC-TJC-1<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of her supervised release.  Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations.  (Doc. 91) (citing 18 U.S.C. §§ 3401(i); 3583(e)).

On August 14, 2023, the Court conducted the final revocation hearing. Defendant admitted all violations.  As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to 1 year and 1 day imprisonment followed by 36 months of supervised release.

**I.      Background**

In 2021, Defendant pled guilty to the offense of distribution of methamphetamine. (Doc. 49.)  On December 15, 2021, the Court sentenced her to time served and 4 years supervised release.  (Doc. 75.)  Defendant began serving her term of supervised release on December 15, 2021.

1

On October 12, 2022, the United States Probation Office filed the petition now at issue. (Doc. 78.) The petition alleges that Defendant violated 3 conditions of supervised release, and provided a brief explanation of each violation. *Id*. Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 79.)

At the time the warrant was issued, Defendant was in state custody based on the same conduct alleged in the petition. Upon conclusion of her state matter, Defendant was taken into federal custody on June 28, 2023. (Doc. 89.) On July 5, 2023, Defendant made an initial appearance. (Doc. 80.) Defendant, represented by counsel, stated that she had read the petition and waived a preliminary hearing. (*Id.*) Following a detention hearing on July 14, 2023, the Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (Doc. 88.)

## II.     Final Revocation Hearing

Defendant appeared at the revocation hearing represented by Gillian E. Gosch. Thomas Godfrey represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including her right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to his imposition of sentence. After

consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is B, her criminal history category is IV, and the underlying offense is a class B felony. Under those circumstances, the statutory maximum sentence is 36 months incarceration, and the United States Sentencing Guidelines provide for 12-18 months incarceration. Defendant could be also sentenced to as much as 48 months to life supervised release, less any incarceration time imposed. Mr. Godfrey and Ms. Gosch agreed with those calculations.

Mr. Godfrey requested a sentence of 15 months incarceration.

Ms. Gosch requested a sentence of time served. In the alternative, Ms. Gosch requested a sentence of 1 year and 1 day to be completed at the Dublin Facility in California. Further, Ms. Gosch requested that Defendant be released pending her sentence.

Defendant addressed the Court and elaborated on her struggles with drug addiction, particularly with suboxone, which contributed to the instant violations.

### III.   Analysis

Based on Defendant's admission to the violations of her conditions of supervised release, her supervised release should be revoked. The Court should

sentence Defendant to 1 year and 1 day imprisonment to be completed at the Dublin Facility in California, followed by 36 months supervised release. No circumstances warrant a departure from the guideline range.

When Defendant was originally sentenced in this case, her sentencing guideline range was 70-87 months imprisonment. At that time, she was given a tremendous opportunity and sentenced to time served. Defendant did not take advantage of this opportunity. Defendant committed serious violations of supervised release—she left the state without permission and returned with a large quantity of drugs. The nature and circumstances of these violations warrant a sentence within the advisory guideline range. At the same time, Defendant has been in state custody based on the same conduct from on or about October 5, 2022, to June 28, 2023. In recognition of the time already served for this conduct, a sentence at the low end of the guideline range would be appropriate. Accordingly, the recommended sentence would be sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. §§ 3553(a) and 3583(e). It affords adequate deterrence to future violations of the terms of Defendant's supervised release, and thus protects the public from further criminal conduct.

## IV.   Conclusion

Defendant was advised that the above sentence would be recommended to Judge Christensen, and she was reminded that she has the right to object to these

Findings and Recommendations within 14 days of their issuance. She was also reminded that she has the right to appear and allocute before Judge Christensen prior to his imposition of sentence. Defendant was then remanded to the custody of the United States Marshal.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the conditions of her supervised release that she not commit another federal, state, or local crime; not unlawfully possess a controlled substance; and not knowingly leave the federal judicial district where she was authorized to reside without first getting permission from the Court or her probation officer, as alleged in Violation Nos. 1-3 in the petition.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to 1 year and 1 day imprisonment at the Dublin Facility in California, followed by a 36-month term of supervised release.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a *de novo* determination by Judge Christensen, and may waive the right to appear and allocute before Judge Christensen.

      DATED this 14th day of August, 2023.

                                              TIMOTHY J. CAVAN
                                              United States Magistrate Judge